IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA A. PARMELEE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA HOLDINGS INC., THOMAS G. DUNDON, ISMAIL DAWOOD, JASON KULAS, and JENNIFER DAVIS,<br><br>　　　　　　Defendants. | §§§§§§§§§§§§§§ | Case No.: 3:16-cv-783-K |

## ORDER

The following motions are before the Court:

(1)   Notice of Motion and Motion of Kelly Baxley to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel (Doc. No. 7); and

(2)   Cynthia A. Parmelee's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (Doc. No. 10).

The Court carefully considered the Motions, the relevant portions of the record, and the applicable authority. Accordingly, for the reasons stated below, the Court **GRANTS** Plaintiffs Baxley and Parmelee's Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel. Because the Court consolidated Case

1

Numbers 3:16-CV-0783-K and 3:16-CV-0919-K *sua sponte* on May 25, 2016, Kelly Baxley's Motion to Consolidate Related Actions is **DENIED as moot**.

I.   Background

On March 18, 2016, plaintiff Cynthia A. Parmelee ("Parmelee") commenced the instant action by the filing of a complaint against defendants Santander Consumer USA Holdings, Inc. ("Santander" or the "Company"), Thomas G. Dundon, Ismail Dawood, Jason Kulas and Jennifer Davis, alleging violations of federal securities laws (the "Parmelee Complaint");

Pursuant to Section 21D(a)(3)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(A)(i)(I-II), counsel for Parmelee published a Notice of Pendency on *Business Wire* on March 18, 2016, advising members of the purported Class of, *inter alia*, (1) the pendency of the action; (2) the claims asserted therein; (3) the purported Class Period; and (4) that, not later than 60 days after the date on which the Notice was published, any member of the Purported Class may move the court to serve as Lead Plaintiff of the Class. On April 4, 2016, plaintiff Stuart A. Benson ("Benson") filed a substantially similar action, alleging the same claims against the same defendants (the "Benson Complaint");

On May 17, 2016, Parmelee and Baxley filed the motions currently before the Court. No other motions for lead plaintiff were filed by May 17, 2016, the deadline in which class members may move to be appointed lead plaintiff under 15 U.S.C. §78u-4(a)(3)(A) and (B). On May 25, 2016, the Court ordered the consolidation of

the Parmelee action and the Benson action, with all future filings to be filed under Case No. 3:16-cv-0783-K;

## II. Parmelee and Baxley's Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel

Parmelee and Baxley both allege that they have suffered great financial losses in this action. Parmelee alleges that she has suffered $8,558.18 in losses. Baxley alleges that she has suffered $12,148.02 in losses. The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(iii), provides that the most adequate plaintiff to serve as lead plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Parmelee and Baxley have provided signed sworn certifications, which comply with the requirements of the PSLRA, 15 U.S.C. § 78u-4(a)(2), setting forth their transactions in Santander common stock during the class period.

Further, Parmelee and Baxley have each demonstrated adequacy pursuant to Rule 23 and the desire to prosecute this action on behalf of the Class having: (1) filed a complaint and/or moved for appointment as Lead Plaintiff; (2) retained experienced and competent counsel to prosecute this case on behalf of the Class; (3) communicated with counsel concerning the status and facts of this case; and (4) sustained substantial individual losses from their investments in Santander.

Parmelee and Baxley have demonstrated that their claims are closely aligned with and are typical of other members of the Class as their claims (1) arise from the same event, practice or course of conduct that gives rise to other Class members' claims; and (2) are based on the same legal theory as other Class members' claims.

Parmelee and Baxley have alleged that (1) defendants violated the Exchange Act by publicly disseminating false and misleading statements; (2) each plaintiff has sustained damages as a result of purchases of Santander's securities during the Class Period at prices artificially inflated by defendants' alleged misrepresentations and omissions; (3) they are not aware of any unique defenses defendants could raise against them; and (4) they do not have any interests antagonistic to the Class, which would render them inadequate to represent the Class.

15 U.S.C. § 78u-4(a)(3)(B)(iv) provides that the most adequate plaintiff will select and retain counsel to represent the Class. Parmelee has selected and retained the law firm Glancy Prongay & Murray LLP ("GPM"), with The Briscoe Law Firm, PLLC ("Briscoe") as liaison counsel. Baxley has selected the law firm of The Rosen Law Firm P.A. ("Rosen"), with Gresham PC ("Gresham") as liaison counsel, on behalf of the Class.

Parmelee and Baxley collectively have agreed to serve as Co-Lead Plaintiffs and believe that it is in the best interest of the Class to jointly and efficiently litigate this action. Further, Parmelee and Baxley collectively have agreed to the selection of GPM and Rosen as Co-Lead Counsel and Briscoe and Gresham as Co-Liaison Counsel.

Accordingly, the Court **GRANTS** Parmelee's and Baxley's Motions for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel and **ORDERS** the following:

(1) Cynthia A. Parmelee and Kelly Baxley are **APPOINTED** Co-Lead Plaintiffs for the above-captioned action pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

(2) Cynthia A. Parmelee and Kelly Baxley's selection of Glancy Prongay & Murray LLP and The Rosen Law Firm P.A. as Co-Lead Counsel is hereby **APPROVED** with Briscoe and Gresham as Co-Liaison Counsel.

**SO ORDERED.**

Signed June 21st, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE