IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA A. PARMELEE, Individually And on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:16-CV-783-K |
| SANTANDER CONSUMER USA HOLDINGS, INC., THOMAS G. DUNDON, ISMAIL DAWOOD, JASON KULAS, and JENNIFER DAVIS, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss the Amended Complaint and Supporting Brief (Doc. No. 44). The Court carefully considered Defendants' Motion to Dismiss the Amended Complaint and Supporting Brief (Doc. No. 44), Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss (Doc. No. 49), Defendants' Reply Brief in Further Support of Their Motion to Dismiss the Amended Complaint, and the applicable law. Because Plaintiffs have met the heightened pleading standard for scienter against Defendants Santander, Thomas Dundon, Jason Kulas, and Jennifer Davis and have adequately pleaded loss causation, the Court **DENIES** the Defendants' motion as to those defendants. But because Plaintiffs did

1

not meet the heightened pleading standard for scienter as to Defendant Ismail Dawood, the Court **GRANTS** Defendants' motion only as to Dawood and **DISMISSES** all claims against Dawood.

I.  Background

Defendant Santander Consumer USA Holdings, Inc., ("Santander") is a consumer finance company that provides vehicle finance and unsecured consumer lending. Lead Plaintiffs Cynthia Parmelee and Kelly Baxley (collectively "Parmelee" or "Plaintiffs") purchased Santander securities. Parmelee brought this class action suit on behalf of all individuals or entities that purchased Santander securities between February 3, 2015 and March 15, 2016, inclusive ("Class Period").

The Court "accept[s] all factual allegations in this complaint as true," as is proper in a Rule 12(b)(6) motion to dismiss a Section 10(b) action. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). Parmelee alleged the following:

On February 3, 2015, Santander released its financial information for the fourth quarter of 2014 and for the 2014 fiscal year, showing strong profitability. That day, Santander released this information through its Form 8-K filing with the Securities and Exchange Commission ("SEC"), its press release issued that morning, and through a conference call with investors discussing the company's earnings. Based on this information, stock prices continued to rise for the following two weeks,

ultimately increasing 20% above the $18.63 stock price that immediately preceded the Class Period.

On April 28, 2015, Santander released the financial results for the first quarter of 2015, again showing positive financial results. The stock price continued to climb, reaching a peak price of $26.83 on June 22, 2015. Two weeks later, Defendant Thomas G. Dundon ("Dundon"), Santander's CEO at the time of these events, resigned after the peak stock price and cashed out his entire 10% ownership of Santander at a high trading price of $24.01. The new CEO, Defendant Jason Kulas ("Kulas"), reassured investors Dundon's resignation was not related to any problems with Santander's finances. Nonetheless, the stock price dropped following Dundon's departure. Kulas and Defendant Jennifer Davis ("Davis"), interim CFO of Santander from July 2015 to December 2015, also sold Santander stock during the Class Period. However, Defendant Ismail Dawood ("Dawood"), CFO of Santander after Davis, had no stock in Santander to sell.

In October 2015, Santander released its financial results for the third quarter of 2015. These financial results showed an increase in Troubled Debt Restructurings ("TDRs") and a corresponding decrease in the financial returns. After the release of this information, Santander's stock price fell by 15.6%.

On February 29, 2016, Santander announced it would not file its 2015 annual report on time. Santander also announced it received an open comment letter from

the SEC regarding credit loss allowance, TDR impairment, and disclosures during the third quarter of 2015 and the 2014 fiscal year. Two weeks later, Santander stated it was changing its methodology for estimating credit loss allowance and would be correcting prior fiscal periods based on this new methodology. In response to this announcement, Santander's stock price dropped 16%.

On March 31, 2016, Santander filed its Form 10-K with the SEC for the 2015 fiscal year and included restated financial results for the 2011–2015 fiscal years. These restated financial results showed Santander had incorrectly estimated its credit loss allowance for certain investments, incorrectly applied loss emergence period to a portfolio instead of applying it only to loans not considered TDRs, and failed to classify certain loans as TDRs. Six months later, Santander announced for the second time that it would be restating financial statements and disclosures for the 2013, 2014, and 2015 financial years and for certain quarters in 2014, 2015, and 2016. This second set of financial restatements allegedly corrected accounting methodology and other accounting errors.

Plaintiffs filed this class action under 15 U.S.C. § 74u–4 of the Private Securities Litigation Reform Act ("PSLRA") alleging Santander violated federal securities laws during the Class Period by fraudulently overstating its net income resulting in an artificial inflation of Santander's stock price. Plaintiffs further allege that then-CEO Defendant Dundon took advantage of this inflated stock price by

4

negotiating the buyout of his 10% ownership in Santander during the time period when stock prices were allegedly artificially inflated.

## II. Legal Standard

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated claims upon which relief may be granted. FED. R. CIV. P. 12(b)(6). The court must view all facts in the light most favorable to the plaintiff. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). A well-pleaded complaint must allege facts upon which the claims are based and not a conclusory recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Certain claims or elements, however, require a plaintiff to meet a heightened pleading standard, such as pleading scienter in a securities fraud claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 252 (5th Cir. 2009).

To successfully plead scienter in a securities fraud claim, a plaintiff must allege sufficient facts to support a "'strong inference' of scienter." *Tellabs, Inc.*, 551 U.S. at 324. The court looks to "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Id*. at 323. In making this determination, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily

5

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*. at 322. The plaintiff has met the heightened pleading standard when "a reasonable person would deem the plausible inference of scienter cogent and at least as strong as any opposing inference one could draw." *Lormand*, 565 F.3d at 252. A plaintiff need not have "irrefutable" evidence of scienter; "circumstantial evidence" considered collectively can be sufficient to establish an inference of scienter. *Tellabs*, 551 U.S. at 324; *Lormand*, 565 F.3d at 251.

The "group pleading" doctrine, which allows a plaintiff to generally allege claims against a group of defendants, does not apply to the scienter element under the PSLRA. *Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004). A plaintiff must plead facts showing the corporate officer was severely reckless or had actual knowledge of the wrongdoing instead of merely alleging the individual's position supports a reasonable inference of his awareness or negligence. *Id*; *Local 731 I.B. of T. Excavators & Pavers Pension Trust Fund v. Diodes, Inc.*, 810 F.3d 951, 958 (5th Cir. 2016).

### III. Analysis

In this class action, Parmelee brought security fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5 of the Security Exchange Commission against Defendants Santander and four company

executives (collectively "Defendants"). In their motion, Defendants argue Parmelee's fraud claims must be dismissed under Rule 12(b)(6) because she failed to meet the heightened pleading standard for scienter and failed to adequately plead loss causation. Defendants contend Parmelee's Section 20(a) claim for liability of a control person also fails because she did not sufficiently plead scienter and loss causation. Parmelee argues in her response that she has properly pleaded all of her claims by sufficiently pleading scienter and loss causation. Parmelee contends she has sufficiently pleaded scienter by alleging Santander violated Generally Accepted Accounting Principles ("GAAP"), Santander issued two restatements in a six month period showing significantly overstated net income during the Class Period, and Dundon sold his entire 10% ownership in Santander at an allegedly artificially inflated price.

### A. Parmelee Met the Heightened Pleading Standard for Scienter as to Santander, Dundon, Kulas, and Davis.

To state a securities fraud claim under Section 10(b) and Rule 10b–5, a plaintiff must plead "(1) a misstatement or omission; (2) of a material fact; (3) made with scienter; (4) on which the plaintiff relied; and (5) that proximately caused the plaintiff's injuries." *Southland Secs. Corp.*, 365 F.3d at 362. Under the PSLRA, to allege the defendant made a false or misleading statement, the plaintiff's complaint "must: (1) 'specify each statement alleged to have been misleading [and] the reason

7

or reasons why the statement is misleading,' 15 U.S.C. § 78u–4(b)(1); and (2) 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind,' § 78u–4(b)(2)." *Tellabs*, 551 U.S. at 321. There are numerous factual scenarios a plaintiff can allege in a complaint that, taken together, can sufficiently plead scienter. Here, Parmelee supports the scienter element by alleging Santander violated basic GAAP principles resulting in an overstated net income for the company, Santander issued two restatements correcting four years of filings with the SEC that overstated net income during the Class Period, and Dundon, Kulas, and Davis sold shares in the company when the stock price was allegedly artificially inflated. The Court considers Parmelee's allegations together and finds these alleged facts are sufficient to meet the heightened pleading standard for scienter as to Santander, Dundon, Kulas, and Davis. *See In re Seitel, Inc. Sec. Litig.*, 447 F. Supp. 2d 693, 705–09 (S.D. Tex. 2006); *Stone v. Life Partners Holdings, Inc.*, 26 F. Supp. 3d 575, 604–06 (W.D. Tex. 2014). Parmelee alleged no facts about Dawood individually or his involvement in the alleged fraud.

    1. **Santander's GAAP Violations**

Parmelee's amended complaint alleges Santander violated basic GAAP principles and internal accounting methodologies that caused overstated net income during the Class Period. In her response to the motion for summary judgment,

Parmelee contends these allegations combined with other facts sufficiently pleads scienter.

Violations of GAAP, by themselves, do not establish scienter. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 432 (5th Cir. 2002). However, when the "context of the misapplication [of accounting principles] or restatement are taken into account," such errors in accounting contribute to a strong inference of scienter. *In re ArthroCare Corp. Secs. Litig.*, 726 F. Supp. 2d 696, 721 (W.D. Tex. 2010). Furthermore, when a company releases financial restatements showing overstated net income due to GAAP violations, courts have found this supports an inference of scienter when combined with other allegations. *Id*. at 721–22; *In re Triton Energy Ltd. Secs. Litig.*, No. 5:98-CIV-256, 2001 WL 872019, at *11 (E.D. Tex. Mar. 30, 2001); *In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 623 (E.D. Va. 2000).

In *In re Seitel, Inc. Sec. Litig.*, the defendant argued plaintiff's complaint did not meet the heightened pleading standard for scienter. 447 F. Supp. 2d 693, 701 (S.D. Tex. 2006). The plaintiff alleged defendants filed restatements with the SEC after overstating its revenue by 15% in 2000 and 30% in the first nine months of 2001, violated GAAP by failing to follow industry standards in accounting methodologies and failing to disclose its methodologies, and the defendant suspiciously hired a new accounting firm after the prior firm audited the defendant company. *Id*. at 705–09. The court found that while GAAP violations alone cannot show scienter, the alleged

GAAP violations, combined with the other allegations in the complaint met the heightened pleading standard for scienter. *Id*. at 707.

Parmelee's Amended Complaint alleges Santander released two financial restatements covering four years showing the company overstated Santander's net income by significant amounts, which Plaintiffs allege resulted in an artificially inflated stock price. Taking these well-pleaded facts as true, the errors in basic GAAP principles and in accounting methodologies caused the significant overstatement of net income during the Class Period. These errors in GAAP principles and accounting methodologies contribute to a strong inference of scienter. *See Id*. at 709.

### 2. Santander's Significant and Repeated Restatements

Parmelee contends the allegations in her Amended Complaint regarding Santander's restatements contribute to a strong inference of scienter. Allegedly, Santander's repeated restatements spanned multiple years and significantly overstated net income during the Class Period. "When the number, size, timing, nature, frequency, and context of the... restatement are taken into account, the balance of the inferences to be drawn from such allegations may shift significantly in favor of scienter." *In re Triton*, 2001 WL 872019, at *11. Courts have also found that "a restatement adds significant weight to the scienter calculus due to the magnitude of a restatement." *In re Fleming Cos. Inc. Secs. & Derivative Litig.*, No. 5-03-MD-1530-TJW, MDL-1530, 2004 WL 5278716, at *37 (E.D. Tex. June 16, 2004).

In *In re Seitel, Inc. Sec. Litig.*, the complaint alleged the defendant company filed a restatement with the SEC that reduced its revenue by 15% in 2000 and 30% in the first nine months of 2001. 447 F. Supp. 2d at 705. The Court found the magnitude of these restatements that covered two years "significantly contribute[d] to a finding of scienter." *Id*. The Court ultimately held the plaintiff sufficiently alleged scienter based on the violations to GAAP, the restatement showing overstated revenue of 15% and 30%, memoranda and meeting minutes indicating defendants discussed the improper account methods, and the suspicious dismissal of an auditor. *Id*. at 705–09.

Here, Santander filed its first restatement on March 31, 2016 correcting four years of filings with the SEC. On October 26, 2016, Santander filed its second restatement again correcting fiscal years 2013–2015 and fiscal quarters in 2014, 2015, and 2016. During the Class Period, the restatements showed Santander overstated its net income by 61.8% in the fourth quarter of 2014 and by 19.3% in the first quarter of 2015. The Court concludes the repeated restatements and the significant overstatement in net income during the Class Period contribute to a strong inference of scienter. *See Id*. at 705.

### 3. Dundon and Other Officers Sell Santander Stock

Another allegation contributing to scienter is insider trading. The Fifth Circuit found "[i]nsider trading in suspicious amounts or at suspicious times is, of course, presumptively probative of bad faith and scienter." *Rubinstein v. Collins*, 20 F.3d 160,

169 (5th Cir. 1994). When company executives sell large portions of their shares during suspicious time periods and either knowingly take advantage of inflated stock prices or are recklessly indifferent to the signs, courts consider such action as contributing to scienter. *Id*; *Stone v. Life Parts. Holdings, Inc.*, 26 F. Supp. 3d 575, 606 (W.D. Tex. 2014). While insider trading without more is insufficient to plead scienter, the Fifth Circuit has found "[insider trading] may meaningfully enhance the strength of the inference of scienter." *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 960 (5th Cir. 2016).

In *Stone v. Life Partners Holdings, Inc.*, the plaintiffs alleged defendant Pardo, president and CEO of the defendant company, sold almost 500,000 shares of stock in the defendant company over a two-year period when Pardo knew the company's assets' value was overinflated. 26 F.Supp.3d at 604. Pardo sold these shares at peak stock prices and retained just enough shares to maintain control over the company. *Id*. at 605. The Court found Pardo's actions were highly suspicious and gave rise to a strong inference of scienter for Pardo. *Id*.

Here, the Court has found the size of the alleged overstatements and the alleged accounting errors in basic GAAP principles contribute to finding a strong inference that Defendants either knew or were recklessly indifferent to the errors that resulted in an inflated stock price. Dundon then chose this time of peak stock price to resign and cash out all of his stock in Santander, giving him significantly more

money than had he sold the stock before the Class Period. Kulas and Davis, the other CEOs during the Class Period, allegedly acquired more stock in Santander and then quickly sold the stock during the Class Period. Kulas allegedly sold 23.6% of his holdings and Davis allegedly sold all or nearly all of her shares. During the Class Period Dundon, Davis, and Kulas also made statements reassuring shareholders that Santander was doing well. The suspicious timing of Dundon's cash out of his entire 10% ownership of Santander and the other CEOs stock sales contribute to a finding of scienter. *See Id*.

While Parmelee alleged Dundon, Kulas, and Davis took advantage of the overinflated stock price by selling their shares, Parmelee's Complaint failed to allege any specific facts about Dawood, the CFO since December 2015, and his involvement in the alleged securities fraud. As discussed above, a plaintiff cannot rely on "group pleading" to show an individual had the requisite scienter. *Southland Secs. Corp.*, 365 F.3d at 365. The plaintiff must allege sufficient facts showing the individual corporate officer had the requisite scienter, such as the officer was aware of or should have suspected the financial statements contained material misstatements or omissions based on glaring accounting irregularities. *Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 545 (5th Cir. 2008). The Complaint alleges Dundon, Kulas, and Davis were aware of the material misstatements based on their well-timed cash out of shares during the Class Period. *See Southland Secs. Corp.*,

365 F.3d at 380. The Complaint does not allege any facts against Dawood individually, and Parmelee's response only states Dawood owned no tradeable shares during the Class Period. Parmelee failed to adequately plead scienter as to Dawood. *See Id.*

The Court concludes the combination of the company repeatedly issuing restated financials showing overstated net income, the types of errors in accounting methodologies that caused the false financial reports, and the suspicious timing of Dundon, Kulas, and Davis' cash out of stock creates a strong inference of scienter. These facts, taken together and in the light most favorable to the plaintiff, create a strong inference of scienter and meet the heightened pleading standard as to those Defendants. *See In re Seitel, Inc.*, 447 F. Supp. 2d at 705–09; *Stone*, 26 F. Supp. 3d at 604–06 (W.D. Tex. 2014). Because Parmelee did not allege specific facts against Dawood, Parmelee did not meet the heightened pleading standard for Dawood. *See Southland Secs. Corp.*, 365 F.3d at 380.

### B. Parmelee Adequately Pleaded Loss Causation.

Santander argues the Court should dismiss the securities fraud claims because Parmelee failed to adequately plead loss causation. In her response, Parmelee argues her Amended Complaint adequately pleaded loss causation by alleging Santander released multiple partial disclosures which culminated in a corrective disclosure.

The plaintiff must show a causal connection between the company revealing the truth regarding an earlier misrepresentation and a subsequent decline in the company's stock price. *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 229 (5th Cir. 2009). This corrective disclosure must be "related to" or "relevant to" the alleged fraud, meaning the disclosed information must make the existence of the alleged fraud "more probable than it would be without that alleged fact." *Pub. Emps. Ret. Sys. of Miss., P.R. Teachers Ret. Sys. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014). The corrective disclosure "can be gradually perceived in the marketplace through a series of partial disclosures." *Id.* at 322. The court views these partial disclosures collectively and considers them as a whole to determine when cumulative facts support a corrective disclosure that meets the loss causation pleading standard, even though one of those facts on its own might be insufficient to plead loss causation. *Id.* at 325.

Parmelee's Amended Complaint alleged Santander released multiple partial disclosures which culminated in a corrective disclosure. First, after Santander announced Dundon's resignation, the company's stock price dropped. Second, on February 29, 2016, Santander announced it would delay filing its Annual Report on Form 10-K and that the SEC had an open comment letter on the previous year's fiscal report. Third, on March 15, 2016, Santander announced the company was changing some accounting practices and would correct prior fiscal reports according

15

to those new accounting methods. The next day, Santander's stock price dropped again.

Considering these facts together, the Court concludes these partial disclosures gradually informed the market of the relevant truth and, thus, collectively constitute a corrective disclosure that adequately pleads loss causation. *See. Id*. at 325–26.

**C. Parmelee Can Maintain the Section 20(a) Claims against Dundon, Kulas, and Davis but not Dawood.**

Santander argues Parmelee's Section 20(a) claims should be dismissed because they are dependent on a viable claim for securities fraud, which Santander argues Parmelee has not sufficiently pleaded. Section 20(a) of the Securities Exchange Act imposes liability on a control person when a plaintiff brings primary violations under securities law. 15 U.S.C. § 78t; *see Southland Secs. Corp.*, 365 F.3d at 383.

The Court has already concluded Parmelee failed to adequately plead Dawood had the requisite scienter. Thus, Parmelee's Section 20(a) claim against Dawood fails because Parmelee failed to bring a primary violation of securities law against Dawood. *See Id*. at 383–84. Regarding Santander, Dundon, Kulas, and Davis, the Court has determined Parmelee adequately pleaded scienter and loss causation as to her primary claims of violations to the Securities and Exchange Act, specifically Section 10(b) and Rule 10b–5. Because she sufficiently pleaded primary violations of the Securities Exchange Act against all Defendants except for Dawood, Santander's sole argument

16

fails and Parmelee's Section 20(a) claims against Santander, Dundon, Kulas, and Davis are not subject to dismissal. *See Id*.

IV.   **Conclusion**

Because Paremelee failed to meet the heightened pleading standard for scienter as to Dawood, the Court **GRANTS** the Defendants' motion to dismiss only as to Dawood and **DISMISSES** all claims against Dawood.

As to the other Defendants, Pamelee has met the heightened pleading standard for scienter and adequately pleaded loss causation. Thus, Parmelee has sufficiently pleaded the Section 10(b) and Rule 10b–5 claims and can bring the dependent Section 20(a) claim against the remaining Defendants. Because Parmelee has adequately pleaded her claims against Santander, Dundon, Kulas, and Davis, the Court **DENIES** Santander's motion to dismiss as to those defendants.

**SO ORDERED.**

Signed January 3rd, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE