UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | |
|---|---|
| CYNTHIA A. PARMELEE, Individually and on Behalf of All Others Similarly Situated,<br>*Plaintiff*,<br>v.<br>SANTANDER CONSUMER USA HOLDINGS INC., THOMAS G. DUNDON, JASON KULAS, and JENNIFER DAVIS,<br>*Defendants*. | **C.A. No. 3:16-cv-00783-K** |

# CLASS DISTRIBUTION ORDER

Having considered all materials and arguments submitted in support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Jack Ewashko in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Ewashko Declaration"), and the Declaration of Don Blandin in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan, NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF. No. 64, Ex. 2) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Ewashko Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As set forth in the Ewashko Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C and D of the Ewashko Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit E of the Ewashko Declaration, are approved.

4. As set forth in the Ewashko Declaration, no new Proof of Claim Forms received after November 20, 2019 may be included in the distribution, unless the

Court later orders otherwise.

5. The Court authorizes payment of $103,864.49 from the Settlement Fund to the Claims Administrator for the balance of the fees and expenses incurred and to be incurred in connection with the claims administration process, as described in the Ewashko Declaration.

6. The distribution plan for the Net Settlement Fund as set forth in the Ewashko Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE

DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Ewashko Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial

Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. If funds remain in the Net Settlement Fund after the additional distributions, at the discretion of Co-Lead Counsel, distributions would be made on a *pro rata* basis for Claims that were previously submitted but modified after November 20, 2019 and that would have been eligible for payment or an additional payment under the Plan of Allocation if received prior to November 20, 2019, but only to the extent that the additional distribution would bring them into parity with other Authorized Claimants.

9. At such time as Co-Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the funds will be donated to Investor Protection Trust, a non-sectarian, not-for-profit organization.

10. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of

such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

11. The Claims Administrator is authorized to discard: (i) paper or hard copies of the Proofs of Claim Form and supporting documents two years after the Initial Distribution or one year after the Second Distribution (if it occurs); and (ii) electronic or magnetic media data not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

**SO ORDERED.**

**Signed April 22nd, 2020.**

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE